IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST      )
FROM THE CZECH REPUBLIC      )
IN THE MATTER OF             )   Misc. No. 07-
KEAN CHEUN TEH               )

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Czech Republic. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Czech authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Czech authorities seek information from a company which resides in this District. Thus, the information the Czech authorities seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person

>appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

>Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Czech Republic and hence the request comes well within those

circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte</u>, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 4/16/07





**Supreme Public Prosecutor's Office of the Czech Republic**
International Affairs Department
Section of Legal Assistance in Criminal Matters

Jezuitská 4,                660 55, Brno,              the Czech Republic
tel.: + 420 / 5 / 4251 2111                        fax: + 420 / 5 / 4251 2350
email: krol@nsz.brn.justice.cz    Responsible: Danuta Koné Król

Our Ref. No.: 2 NZn 137/2007

In Brno, February 13th, 2007

**United States Department of Justice**
**Office of International Affairs**
**Criminal Division**
10th and Constitution Ave., NW
Keeney Building
Washington, DC 20530
**USA**

## U R G E N T – D E T E N T I O N !!!

In re: **The Accused Kean Cheun Teh and Siew Choo Hoh** - Request for Legal Assistance in Criminal Matters

Enclosure: The Request of the City Public Prosecutor's Office in Prague

Referring to the Treaty between the USA and the Czech Republic on Mutual Assistance in Criminal Matters Supreme Public Prosecutor's Office forwards to your authority the attached request of the local prosecution service in Prague and asks you to collect the banking information indicated in the request.

Details of the requested legal assistance and of the criminal matter itself have been specified in the attached request of the local prosecution service.

Please note that the request is very urgent as the accused persons are placed in the pre-trial detention, length of which is strictly limited by the Czech Criminal Proceedings Code. Therefore we would like to ask you to execute our request in your earliest convenience.

Thank you for your co-operation.

Yours faithfully,

**JUDr. Světlana Kloučková, Ph.D.**
Director of International Affairs Department
Represented by JUDr. Drahomíra Lojdová

TRANSLATION FROM THE CZECH LANGUAGE

## Metropolitan Prosecuting Attorney's Office in Prague
nám. 14.října 9, Prague 5, Postal Code 150 00, tel.: +420 257 111 611, fax: +420 257 111 682

1 KZV 297/2006                                            In Prague on 8 January 2007

*(stamp)* ON REMAND

Office of Attorney General
United States of America

Re: The Accused Person: Kean Cheun Teh, ▬▬▬▬▬▬▬▬▬ Request for Mutual Assistance in Criminal Matter

Attachment: Advise of Rights to a Victim in Criminal Proceedings

Metropolitan prosecuting attorney in Prague hereby kindly requests, in accordance with the European Convention on Mutual Assistance in Criminal Matters, legal assistance in the criminal matter specified below.

Police authority operating within the Police of the Czech Republic – Administration of the Capital City of Prague – under file number ČTS: PSP-2309/OHK-1-2006, has been conducting criminal proceedings against the accused individuals, namely **Kean Cheun Teh**, national of Malaysia, ▬▬▬▬▬▬▬ place of residence at ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬ and **Siew Choo Hoh**, ▬▬▬▬▬▬▬, national of Malaysia, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬ currently both held on remand in remand prison Praha-Pankrác, accused of forging and altering money under Section 140 (2) of the Criminal Code with reference to Section 143 of the Criminal Code, and fraud under Section 250 (1, 2) of the Criminal Code.

The two accused individuals are believed to have committed criminal activity in November and December 2006 in various places in Prague where they presented forged payment cards that have been allegedly issued by various banking institutions around the world and that they used to pay for goods, while such payments were rejected in some cases. Such actions resulted in damage caused to the issuing banks.

On 26 November 2006 the accused individual, Hoh Siew Choo, presented, in a store run by Unimex Group, a.s. in Prague 6, at Prague - Ruzyně Airport, a forged payment card **VISA no. 4224 0470 1067 4334, logo of Commonwealth Bank, expiration 09/2007, name Hoh Siew Choo, issued by Citibank /South Dakota/, N.A., 7777 Baymeadows Way West, Jacksonville, FL 32256, USA,** in an attempt to pay for goods worth CZK 1,998 which was rejected by the issuing bank.

1

TRANSLATION FROM THE CZECH LANGUAGE

Furthermore, the accused, Hoh Siew Choo, used forged payment card **MasterCard no. 5474 8706 0146 9382, expiration 05/2007, issued by Fia Card Services, N.A., 1100N King St., Wilmington, DE 19884, USA,** on 25 November 2006, to pay for the following:

1) goods in the amount of CZK 696.10 paid for by the forged payment card in Rossmann store in Prague 1,
2) goods worth CZK 45,000 paid for in jewellery store Beny, Prague 1,
3) goods worth CZK 25,000 again in jewellery store Beny, Prague 1, this time the payment was, however, rejected by the bank. By the actions described, she caused damage to Fia Card Services, USA, in total amount of CZK 45,696.10.

Therefore, we hereby ask for a request for information subject to a banking secret to be placed with the banks that issued the payment cards described above - **Citibank /South Dakota/, N.A., 7777 Baymeadows Way West, Jacksonville, FL 32256, USA,** and **Fia Card Services, N.A., 1100N King St., Wilmington, DE 19884, USA,** for the same to address the following questions:

1) Please specify the name in which the original payment card referred to was issued and indicate the real expiration date of the card,
2) Please specify the account in respect of which the card was issued, the date on which the account was opened or closed, the account holder and other parties, if any, authorized to dispose of the account,
3) Please specify whether the respective amount of cash was available on the account referred to at the time the payment card was used,
4) Please specify how the victim learnt about the use of the forged payment card – indicate whether it was based on its internal monitoring, a complaint made by the authorized holder of the account, a prior report on the loss / theft or another misuse of data in respect of the payment card / or otherwise,
5) Please specify whether the victim reported a fraudulent transaction to the relevant system - SAFE and RIS for VISA and MasterCard payment cards, respectively,
6) Please specify whether the respective amount of cash was refunded by the bank to the account of the account holder and who the victim is in this case - whether it is the bank or the account holder or a retailer to whom the forged payment card was presented and with whom it was used. Please present the "Advise of rights to a victim in criminal proceedings" to the victim for signature. Please ascertain compliance on the part of retailers with the relevant agreements - treaties regulating use of payment cards in business relations, and specify what actions will be taken in regard to such retailer to the extent that any breach was identified,
7) Please have the bank provide an opinion on whether the retailers with whom the forged card was used complied with the relevant agreements - treaties regulating use of payment cads in business relations and specify what actions will be taken in regard to such retailer to the extent that any breach was identified.

TRANSLATION FROM THE CZECH LANGUAGE

Moreover, the following payment cards have been detained but it has not been established whether the same have been used for payment:
1) **VISA no. 4782 0099 9735 2999 issued by Bank One, C.A.O. USA, Tx 75222 Dallas, ATTN: Visa Claims / Tx1-2551**
2) **VISA no. 4253 3116 8038 7914 issued by The Chase Manhattan Bank USA, N.A.USA, De 19711-5455, Newark, 600 White Clay Center Drive**

As regards the payment cards specified above, please pose the following questions to the companies which issued the cards:
1) Please specify the name in which the original of the payment card was issued (if it was issued) and what was the expiration date of the card,
2) Please specify the account in respect to which the card was issued - as well as the account holder, the date of issue, the account closing date, individuals authorized to dispose of the account,
3) Please specify whether there was any money left on the account in question as of 11 December 2006 and, as applicable, the balance of the account as of that date,
4) Please specify whether the authorized holder of the payment card referred to has reported a loss or another misuse thereof.

A prosecuting attorney in the Czech Republic is authorized to request banking information under Section 8 (2) of the Code of Criminal Procedure which reads as follows:

To the extent necessary in criminal proceedings in order to duly clarify circumstances suggesting that a criminal offence was committed or in court proceedings to also consider the accused individual's financial situation and/or in order to enforce a decision, a prosecuting attorney or, following the indictment, a presiding judge, may require to be provided with information which is subject to a banking secret as well as with data from the securities register.

Section 140
Forging and Altering Money

1) Anyone who raises and/or receives forged or altered money for one's own benefit or for a benefit of another person shall be sentenced to two to eight years of imprisonment.
2) Anyone who forges or alters money with an aim to present the same as authentic or genuine or as money of a higher value, and anyone who presents forged or altered money as authentic, shall be sentenced to five to ten years of imprisonment.
3) Custodial sentence of ten to fifteen years shall be imposed on an offender in case
   a) the offence described in paragraphs 1 or 2 was committed by the offender who acted as a member of an organized group or
   b) of a large-scale offence of the type referred to.

Section 143
Common Provisions

Protection under Sections 140-142 will be also provided to any non-local money as well as to local and foreign non-cash payment means and to local and foreign securities.

Section 250
Fraud

1) Anyone who obtains benefit or secures benefit for another person, to the detriment of another person's property, by misleading another person, making use of another person's mistake or by concealing substantial information, and thereby causes to another person's property damage larger than insignificant, shall be sentenced to up to two years of imprisonment or to a prohibition of activities or to a fine or to forfeiture of an asset.
2) Custodial sentence of six months to three years or a fine will be imposed on an offender who, by committing an offence described in paragraph 1, caused damage larger than a small-scale damage.
3) Custodial sentence of two to eight years will be imposed on an offender who
   a) committed an offence described in paragraph 1 as a member of an organized group or
   b) caused significant damage by such offence or has brought on an especially serious implication
4) Custodial sentence of five to twelve years will be imposed on an offender to the extent that the same caused, by committing an offence described in paragraph 1 a large-scale damage.

Limitation of Time in Criminal Prosecution
Section 67

1) Liability to punishment will cease to exist upon the expiration of the limitation period which is
   a) twenty years to the extent that the offence concerned may be punished pursuant to this Act as specified in the special part hereof by an exceptional sentence, or to the extent that the offence was

4

       committed in respect of the drafting or approval procedure relating to a privatization project under Act no. 92/1991 Coll., to regulate terms and conditions of the transfer of the government's assets to other parties, as amended,
   b) twelve years to the extent that the upper limit of the specification of the imprisonment sentence is at least ten years,
   c) five years to the extent that the upper limit of the specification of the imprisonment sentence is at least three years,
   d) three years in case of other criminal offences.

2) The limitation period will not include
   a) any time lapsed due to a statutory obstacle as a result of which the offender could not be brought before court,
   b) any time spent by the offender abroad,
   c) a probation period in case of a conditional discontinuation of criminal prosecution.

3) The limitation period in criminal prosecution will be stayed
   a) upon a notification of accusation of a criminal offence that is subject to the limitation of time as well as upon any subsequent actions taken by a police authority, a prosecuting attorney or a court, aiming at a criminal prosecution of the offender, or
   b) in the event that the offender commits, in the course of the limitation period, a new offence for which the law stipulates a sentence that is as severe or more severe.

4) Staying the limitation period will result in a start of a new limitation period.

As the accused individuals, Kean Cheun Teh, born ■■■■■ and Siew Choo Hoh, ■■■■■ are held in remand custody, please provide legal assistance in a timely manner or let us know of any reasons you may have to withhold the same.

Thank you for legal assistance.
Yours faithfully,

*(illegible signature)*
**JUDr. Marcela Kratochvílová**
1.Deputy Metropolitan Prosecuting Attorney in Prague

*(stamp): Metropolitan Prosecuting Attorney's Office in Prague*

5

### Tlumočnická doložka

Já, Mgr. Helena Rejholcová, tlumočnice jazyka anglického jmenovaná rozhodnutím Krajského soudu v Praze ze dne 20.června 2005, č.j. Spr 4028/2005, tímto stvrzuji, že překlad souhlasí doslovně s textem připojené listiny.

V překladu jsem provedla tyto opravy -------------------------------------------------
Tlumočnický úkon je zapsán pod pořadovým číslem 46b/3b/2007 tlumočnického deníku.

### Attestation

I, Helena Rejholcová, translator for the English language, appointed by decision of the Regional Court in Prague dated June 20, 2005, file no. Spr 4028/2005, hereby certify that this is a true translation of the text contained in the attached document.

The following corrections have been made in the document -------------------------------
This translation is recorded in my translation journal under serial no. 46b/3b/2007.

Dne 31.ledna 2007 / 31 January 2007

Mgr. Helena Rejholcová
Řehníkova 2110
253 01 Hostivice
tel.: +420 602 365 161

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE CZECH REPUBLIC ) | |
| IN THE MATTER OF ) | Misc No. 07- |
| KEAN CHEUN TEH ) | |

ORDER

    Upon application of the United States of America; and upon examination of a letter of request from the Czech Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Czech Republic and the Court being fully informed in the premises, it is hereby

    **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Czech authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Czech Republic, which procedures may be specified in the request or provided by the Czech authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Czech authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2007.

_____
United States District Court Judge